## SWINNEY *v.* THE STATE.

*Quære*, whether bargaining for usurious interest at one time, and receiving it at a subsequent time, constitute separate offenses, so that a prosecution barred as to the bargaining, would lie as to the receiving.

If such a prosecution would lie, the usurious interest must be proved to have been received from the person from whom it is charged in the information to have been received.

APPEAL from the *Allen* Court of Common Pleas.

WORDEN, J.— Information against the appellant for usury. Plea, not guilty. Trial by jury; conviction and judgment; motion for a new trial, and in arrest of judgment being overruled.

*Tuesday, June 5.*

The information was filed on the 10th of *January*, 1859, and charges that on or about the 5th of *August*, 1857, at said county, the defendant received from one *William Schoenell*, by virtue of a certain contract made on the 5th day of *August*, 1856, between the defendant and *Schoenell*, 100 dollars for the use of 400 dollars for one year, being at the rate of 25 dollars interest on each 100 dollars, so that the defendant received 76 dollars usurious interest.

The material facts, as shown by the evidence, are as follows: On the 5th day of *August*, 1856, *Schoenell*, desiring to borrow some money, made an arrangement, through a third person, to procure the same of the defendant. A note was executed by *Schoenell* to the third person for 500 dollars, payable in one year, and also a mortgage to secure the same, on a city lot. The note and mortgage were indorsed over to the defendant, by the nominal payee, and the defendant advanced to *Schoenell* 400 dollars.

Sometime before the note and mortgage matured, *Schoe-*

*nell*, finding he could not raise the money, sold the mortgaged premises to one *John L. Balts*. Before the note and mortgage matured, *Balts* paid off the same to the defendant, a small deduction being made on account of payment before maturity.

On this state of facts, the verdict and judgment cannot be sustained.

The statute on which the information is predicated, provides that "Any person who shall, directly or indirectly, bargain for, receive, or reserve, on any contract or agreement whatever, a greater rate of interest than at the time is allowed by law, shall be fined," &c.

It is unnecessary, for the purposes of this case, to determine whether a bargain for illegal interest, and a subsequent receiving of the interest thus bargained for, constitute two separate offenses or whether they amount to only one; nor need we determine whether the facts which transpired on the 5th of *August*, 1856, amounted to a reservation of the usurious interest. Whatever offense was committed on the day last named, by the transaction which then took place, was barred by the statute of limitations before the information was filed, more than two years having elapsed, and it not being shown, either by averment or proof, that any of the exceptions to the limitation applies to the case.

We understand the information as charging simply a receiving of the usurious interest, on the 5th of *August*, 1857, by virtue of the previous agreement. On the supposition that the prosecution could be maintained for receiving the usury, after the offense of bargaining for it was barred by the statute of limitations, still the case is not made out, as there is no proof whatever that the defendant received it from *Schoenell*, as charged in the information, The proof is, that *Balts* paid off the note and mortgage to the defendant. It does not appear that he paid it for, or on behalf of, *Schoenell*. The latter sold the lot to *Balts*, who liquidated the incumbrance upon it. For aught that appears, and this is perhaps the legitimate inference, *Schoenell* sold the lot to *Balts*, subject to the incumbrance.

*Schoenell* could have defended as to all except the 400 dollars. Whether *Balts* could, or not, we need not determine, as the money thus paid by him cannot be said to have been received by the defendant from *Schoenell*.

For these reasons, the judgment must be reversed.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*M. Jenkinson*, for the appellant.

*J. E. McDonald*, Attorney General, and *A. L. Roache*, for the state.